THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kris Kollyns,       
Appellant,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

Appeal From Jasper County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2004-UP-023
Submitted November 19, 2003  Filed 
 January 15, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor D. Cleary, of Columbia, 
 for Appellant. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, all 
 of Columbia, for Respondent.
 
 
 

PER CURIAM:  Kris Kollyns appeals the dismissal 
 of his petition for habeas corpus.  We affirm. [1] 
FACTS
Kollyns, an inmate at McCormick Correctional Institution, 
 filed a petition for habeas corpus in the circuit court seeking the return of 
 20 good time days allegedly taken from him at a South Carolina Department of 
 Corrections minor disciplinary hearing.  It is unclear from the petition whether 
 Kollyns actually lost good time credits or was barred from earning them for 
 a period of time.  In his petition, Kollyns asserts he appealed the departments 
 ruling to the Administrative Law Judge Division (ALJD), but that the ALJD dismissed 
 his appeal pursuant to an en banc order regarding inmate appeals.  In its return, 
 the State moved to dismiss Kollyns petition noting, among other things, the 
 only proper inquiry in a habeas corpus action is the legality of the petitioners 
 present detention.  After a hearing, the circuit court dismissed the petition 
 on the grounds argued in the States return.  
LAW/ANALYSIS
We first note the circuit court properly dismissed 
 Kollyns petition because the relief he sought, the return of good time credits, 
 was outside the scope of an action for habeas corpus.  Gibson v. State, 
 329 S.C. 37, 40, 495 S.E.2d 426, 427 (1998) (noting the purpose of habeas corpus 
 is to determine the legality of the petitioners present detention and the only 
 relief that can be granted is release from custody). 
On appeal, Kollyns for the first time seeks a remand 
 of his case to the ALJD.  He claims the ALJD has jurisdiction over his appeal 
 from the department of corrections pursuant to Al-Shabazz v. State, 338 
 S.C. 354, 527 S.E.2d 742 (1999).  However, because this issue was never raised 
 to the circuit court it is not proper for our review.  State v. McKnight, 
 352 S.C. 635, 646, 576 S.E.2d 168, 174 (issue must be raised to and ruled on 
 by the trial court to be preserved for appellate review), cert. denied, 
 124 S. Ct. 101 (2003).  
For the reasons set forth above, Kollyns 
 appeal is
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.  

 
 [1] 
        We decide this case without oral argument pursuant to Rule 215, SCACR.